JEROME RICE and Another, Plaintiffs, *v.* LEWIS H. POUNDS and Others, Defendants.

Supreme Court, New York County, October 11, 1934.

*Albert Ottinger*, for the plaintiffs.

*A. Lincoln Lavine*, for Wolff and Mamlet, bondholders, for the motion.

*Hornblower, Miller, Miller & Boston* [*Charles M. Walton, Jr., Harold H. Corbin* and *Frederic G. Bastian* of counsel], for the defendants comprising The Independent Bondholders' Committee.

*Herman Gottlieb*, for the certificate holders.

*Jones, Clark & Higson*, for the defendant Central Hanover Bank and Trust Company, opposed.

*Lorenz & Lorenz*, for Max Herbst, receiver.

FRANKENTHALER, J. This is a motion for a temporary injunction restraining the taking of further proceedings under a proposed plan of reorganization and for a hearing with respect to the plan.

The motion is not made in the pending foreclosure action, in which the court may clearly supervise any suggested or contemplated plan of reorganization and prevent the consummation of a plan unfair to objecting bondholders (*Clinton Trust Co.* v. *142 Joralemon St. Corp.*, 237 App. Div. 789; *Chase National Bank* v. *10 East 40th St. Corp.*, 238 id. 370), but in a wholly independent action in which the only ultimate relief sought is a judgment restraining the defendants from consummating the proposed plan.

Holders of more than ninety-one per cent of the outstanding bonds, represented by a protective committee, have approved the plan and holders of approximately five per cent of additional bonds, not deposited with the protective committee, also favor the plan. The only opposition emanates from (1) the plaintiff Mary Meltzer, who owns bonds of a total face amount of $2,000, one-half of which has been deposited with the committee; (2) from the plaintiff Jerome Rice, whose $1,000 bond has likewise been deposited with the committee; (3) from one J. M. Wolff, whose bond is also on deposit with the committee, and (4) from Marion V. Mamlet, the amount of whose bond does not appear. Moreover, the court has already fixed an upset price of $850,000 for the protection of non-assenting bondholders.

In the light of the foregoing, the plaintiffs' efforts to establish that the proposed plan is unfair and inequitable are not sufficiently convincing to warrant the granting of injunctive relief at this time.

It should be borne in mind, however, that no court has ever passed upon or approved the plan and that it is not clear from a reading of the plan whether the cash to be furnished for the purpose of paying taxes and water charges is to constitute a loan to the new corporation or is to be an investment represented by the stock to be issued in accordance with the plan. In view of these circumstances and the fact that taxes and other charges against the mortgaged property are rapidly mounting, the court is of the opinion that the interests of all concerned will be best subserved by setting the cause down for an early trial.

The motion is denied, but the cause is set down for trial at Special Term, Part III of this court, on the 22d day of October, 1934.